■ BOARD OF MANAGERS OF WEATHER VANE CONDOMINIUM I et al., Plaintiffs, v WEATHER VANE CONSTRUCTION CORP. et al., Defendants, EMPIRE NATIONAL BANK et al., Respondents, and MORTON PARNES et al., Executors of BURTON PARNES, Deceased, Intervening-Appellants. — In an action to foreclose a lien, in which the intervening defendants seek to rescind agreements which subordinated a prior joint venture mortgage to the bank mortgages, the intervening defendants appeal from so much of an order of the Supreme Court, Orange County (Kelly, J.), dated December 20, 1980, as granted the motion of defendants Empire National Bank and Eastchester Savings Bank for summary judgment on the cross complaint. Order affirmed insofar as appealed from, with $50 costs and disbursements. Where a joint venturer, or one claiming under him, alleges that a third party, who had done business with another joint venturer allegedly lacking in authority, should be estopped from retaining the benefits of that transaction, it is incumbent on the aggrieved party to establish that the otherwise innocent third party was aware of the joint venturer's alleged lack of actual authority. The intervening defendants failed to raise any triable issue of fact that the defendant banks knew or should have known that defendant Kohl was allegedly acting beyond the scope of his authority when he agreed to subordinate the joint venture's mortgage to the lien of defendant banks' mortgages. Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.